**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Micol Petty,<br><br>               Plaintiff,<br><br>v.<br><br>Circle K Stores Incorporated, et al.,<br><br>               Defendants. | No. CV-18-00567-PHX-DWL<br><br>**ORDER** |

Defendant Couche-Tard Brands and Financing LLC ("Couche-Tard") has filed a motion for attorneys' fees against Plaintiff Micol Petty ("Petty"). (Doc. 47.) The motion is fully briefed and neither party requested oral argument.

Under 28 U.S.C. § 1927, a lawyer who "unreasonably and vexatiously" multiplies court proceedings "may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." This statute "requires proving that the opposing party acted with 'subjective bad faith.'" *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1020 (9th Cir. 2015) (citation omitted). Such bad faith may be inferred "when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015) (citation omitted).[1] Moreover, even when the requisite showing of bad faith has been

---

[1] *See generally In re Girardi*, 611 F.3d 1027, 1061 (9th Cir. 2010) ("While[] [o]ur

made, the Court may decline, in its discretion, to impose sanctions. *Haynes v. City and Cty. of San Francisco*, 688 F.3d 984, 987 (9th Cir. 2012) ("[W]ith § 1927 as with other sanctions provisions, '[d]istrict courts enjoy much discretion in determining whether and how much sanctions are appropriate.'") (citation omitted). *See also Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1014 (7th Cir. 2004) ("Section 1927 is permissive, not mandatory. The court is not obliged to grant sanctions once it has found unreasonable and vexatious conduct. It may do so in its discretion.").

The Court will deny Couche-Tard's motion. As an initial matter, there is no merit to Couche-Tard's contention that sanctions are warranted because Petty named it as a defendant in the initial complaint "without substantial justification and without any basis in fact or law." (Doc. 47 at 4.) Because section 1927 only authorizes sanctions for the improper *multiplication* of proceedings, it "cannot be applied to an initial pleading." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996). *See also id.* ("The filing of a complaint may be sanctioned pursuant to Rule 11 or a court's inherent power, but it may not be sanctioned pursuant to § 1927.").

Couche-Tard also contends that sanctions are warranted based on Petty's counsel's "refusal to respond to defense counsel's repeated requests" and "failure to oppose [the] Motion to Dismiss or seek to amend her complaint." (Doc. 47 at 4.) Although the Court agrees that Petty's counsel could and should have been more diligent in cooperating with Couche-Tard's counsel to resolve the issue without motion practice, *see generally* Doc. 41 at 2 ("Going forward, the Court expects Plaintiff to be more diligent in prosecuting her case, and for all parties to take more seriously their obligations to meet and confer, avoid

---

cases have been less than a model of clarity regarding whether a finding of mere recklessness alone may suffice to impose sanction for attorneys' fees under § 1927, or whether there must be a finding of subjective bad faith, what is clear from our case law is that a finding that the attorney recklessly or intentionally misled the court is sufficient to impose sanctions under § 1927, and a finding that the attorneys recklessly raised a frivolous argument which resulted in the multiplication of the proceedings is also sufficient to impose sanctions under § 1927.") (citations, internal quotation marks, and italics omitted).

1 | needless motion practice, and ensure the just, speedy, and inexpensive resolution of this matter."), the Court finds that Petty's counsel's lack of diligence was the result of carelessness, not subjective bad faith.[2] *Cf. Garcia v. JPMorgan Chase Bank NA*, 2018 WL 1570249, *10 (D. Ariz. Mar. 30, 2018) (denying motion for § 1927 sanctions where "conduct was objectively unreasonable, but not subjectively egregious enough to justify sanctions").

**IT IS ORDERED** that Couche-Tard's motion for attorneys' fees (Doc. 47) is **DENIED**.

Dated this 5th day of November, 2018.

Dominic W. Lanza
United States District Judge

---

[2] For essentially the same reasons, the Court also declines to impose sanctions pursuant to its inherent authority.